IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

STEEL CORPORATION OF THE )
PHILIPPINES, )
 )
      Plaintiff/Petitioner, )
 ) Civil Action No. 06-386
vs. )
 )
INTERNATIONAL STEEL SERVICES, )
INC., )
      Defendant/Respondent.

AMBROSE, Chief District Judge

**MEMORANDUM OPINION**

On February 6, 2008, I entered an Opinion and Order of the Court [Docket Nos. 60 and 61] granting summary judgment in favor of Plaintiff/Petitioner Steel Corporation of the Philippines ("SCP") on its petition to confirm an arbitration award. Defendant/Respondent International Steel Services, Inc. ("ISSI") has moved for reconsideration on the ground that, in granting summary judgment in favor of SCP, I relied in part on a non-binding order of the Court of Appeals of the Republic of the Philippines issued by that court in connection with a separate proceeding relating to a different arbitration award. For the reasons set forth below, I deny ISSI's motion for reconsideration.

To grant a motion for reconsideration, the moving party must demonstrate one of the following: (1) an intervening change in the controlling law; (2) the availability of new evidence which was not available when the court issued its order; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice. See Asemani v. Federal Bureau of Prisons, 2007 WL 4438926, at *1 (3d Cir. 2007); Max's Seafood Café by Lou-Ann, Inc. v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999). "A motion for reconsideration is not to be used to reargue matters

1

already argued and disposed of." Waye v. First Citizen's Nat'l Bank, 846 F. Supp. 310, 314 (M.D. Pa.), aff'd, 31 F.3d 1174 (3d Cir. 1994).

ISSI seeks reconsideration of my Opinion and Order under the third category, i.e. the need to correct a clear error of law or prevent manifest injustice. (ISSI Br. at 3.) ISSI raised its argument with respect to the Philippines' Court of Appeals decision in its papers submitted in connection with the motions for summary judgment, and I gave it due consideration. ISSI's mere disagreement with my conclusion does not provide a basis for reconsideration. See Cox v. Monica, 2008 WL 111991, at *1 (M.D. Pa. Jan. 9, 2008).

In any event, my Opinion did not rely on the opinion of the Philippines' Court of Appeals. As is clear from my Opinion, I followed well-established federal case law holding that the Regional Trial Court of the Philippines lacked jurisdiction to vacate the arbitration award. That the Philippines' Court of Appeals seems to agree is surplusage.

**THEREFORE**, this 21st day of February, 2008, after careful consideration, Defendant's Motion for Reconsideration [Docket No. 62] is hereby **DENIED**.

BY THE COURT:

*Donetta W. Ambrose*

Donetta W. Ambrose,
Chief U.S. District Judge

2